UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-81141-BLOOM/Reinhart

MTELEHEALTH, LLC,

    Plaintiff,

v.

UNITED PARCEL SERVICE, INC.

    Defendant.

_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant United Parcel Service, Inc.'s ("Defendant") Motion to Dismiss Plaintiff's Second Amended Complaint, ECF No. [27] (the "Motion"). The Court has carefully reviewed the record, the parties' briefs, and the applicable law. For the reasons that follow, the Motion is denied.

**I.   BACKGROUND**

Plaintiff Mtelehealth, LLC ("Plaintiff") initiated this lawsuit on February 27, 2018 in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County. Defendant removed the action to this Court on August 24, 2018. ECF No. [1]. Plaintiff brought claims for violations of the Carmack Amendment, fraudulent conversion, negligence, negligent supervision, and violations of Florida's Civil Theft Statute, stemming from the loss of sports memorabilia that Plaintiff shipped using Defendant's ground service. *See* ECF No. [18]. On January 8, 2019, this Court dismissed Plaintiff's Amended Complaint. ECF No. [25]. The Court dismissed Plaintiff's state law claims with prejudice due to preemption by the Carmack Amendment because Plaintiff's state law claims were based on damage to or loss of its goods during transit by Defendant. The

1

Court also dismissed Plaintiff's Carmack Amendment claim, finding that Plaintiff failed to dispute that Defendant satisfied the requirement to limit its liability and Plaintiff did not properly allege a true conversion theory to vitiate Defendant's limits on liability. The Amended Complaint did not contain sufficient facts that Defendant appropriated Plaintiff's property for its own use. The Court permitted Plaintiff leave to amend its Amended Complaint to plead a claim under the Carmack Amendment.

According to Plaintiff's Second Amended Complaint, on September 29, 2017, Plaintiff shipped a package from Florida to Pennsylvania using Defendant's ground service. ECF No. [26] ¶ 8. Plaintiff provided the package to Defendant wrapped in such a manner that it could not be opened without the application of extreme force, by fire or deliberate human intervention. *Id.* ¶¶ 13-14. The package contained sports memorabilia valued at $59,500.00. *Id.* ¶ 10. On October 4, 2017, Defendant notified Plaintiff that the package was damaged, and all contents of the package were missing. *Id.* ¶ 16. On October 5, 2017, Defendant notified Plaintiff that it was investigating the Plaintiff's loss claim. *Id.* ¶ 17. Plaintiff demanded that Defendant return the package for examination but was informed that the package had been discarded. *Id.* ¶¶ 19-20. Plaintiff alleges that, memorabilia, such as that contained in the package, can be easily resold to third-parties without exposing the sale to the public. *Id.* ¶ 26. Plaintiff seeks monetary damages in the amount of $59,500.00 plus interest and costs. *Id.* at 6 ("Wherefore" clause).

In its Motion, Defendant argues that Plaintiff fails to plead any new allegations supporting a true conversion exception to Defendant's limits on liability. First, Defendant contends that allegations that Defendant failed to conduct a thorough investigation concerning Plaintiff's package say nothing about how or why the loss of the package contents occurred. In any event, allegations about the claims-handling process are legally irrelevant because any claim about the

2

claims-handling process is preempted by Plaintiff's Carmack Amendment remedy.  Second, Defendant argues that the allegation that Defendant intentionally destroyed evidence of the package to conceal its supposed theft gives rise to the equally plausible – if not more plausible – inference that Defendant destroyed Plaintiff's package consistent with the UPS Terms.[1]  Third, Defendant argues that the allegation that the sports memorabilia could have been resold without exposing the sale to the public is merely a guess, as opposed to an allegation that Defendant in fact sold the memorabilia.  Together, Defendant argues, the allegations give rise to a more plausible inference that Defendant lost the contents of Plaintiff's package or that an employee of Defendant stole the package for its own use, not that Defendant itself stole the package for its own use.

In Response, Plaintiff argues that while Defendant raises alternative inferences that could be drawn from the facts alleged, Plaintiff does not bear the burden of dismissing other potential explanations for Plaintiff's loss.  Plaintiff also contends that Defendant disposed of the package in contravention of the UPS Terms.  At bottom, Plaintiff argues that its allegations allow the Court to reasonably infer that Defendant converted Plaintiff's property for its own use or gain.

## II. LEGAL STANDARD

Rule 8 of the Federal Rules requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation").  In the same vein, a complaint may not rest on

---

[1] The Court previously took judicial notice of the UPS Terms, ECF No. [22-1].  *See* ECF No. [25] at 4.

"'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. These elements are required to survive a motion brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which requests dismissal for "failure to state a claim upon which relief can be granted."

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cnty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). Moreover, "courts may infer from the factual allegations in the complaint 'obvious alternative explanations,' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 682). A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)).

**III.     DISCUSSION**

Under the Carmack Amendment, an appropriation of property by a carrier for its own uses will vitiate limits on liability.  In *Glickfeld v. Howard Van Lines,* 213 F.2d 723, 727 (9th Cir. 1954), the Ninth Circuit outlined the scope of this "conversion exception":

> [I]f the property has been converted by the carrier, it would be against public policy to permit the carrier to limit its liability and thus to profit from its own misconduct. However, the cases are uniform in holding that the conversion doctrine is pertinent only when there has been a true conversion, i.e., where the carrier has appropriated the property for its own use or gain. The carrier may properly limit its liability where the conversion is by third parties or even by its own employees. In the latter circumstance, while the carrier may have been guilty of negligence in the selection of its employees, it has not been unjustly enriched, nor has it been guilty of any misconduct.

Courts have interpreted *Glickfeld* to mean that the conversion exception "only applies when a carrier has converted the property 'for its own use or gain.'" *Kemper Ins. Companies v. Fed. Exp. Corp.,* 252 F.3d 509, 515–16 (1st Cir. 2001) (collecting cases).

Evaluating all plausible inferences derived from the allegations in the Second Amended Complaint in Plaintiff's favor, the Court finds that Plaintiff sufficiently alleges a true conversion theory.   Specifically, the following allegations, taken together, support the inference that Defendant converted the contents of the package for its own use: (1) the package was wrapped in such a manner that it could not be opened without the application of extreme force, by fire, or deliberate human intervention; (2) Defendant notified Plaintiff that the package was damaged and all the contents of the package were missing: (3) Defendant notified Plaintiff that it was investigating Plaintiff's loss claim but no meaningful investigation was taken; (4) Defendant informed Plaintiff that it could not return the package because it had been discarded; and (5) memorabilia, such as that contained in the package, can be easily resold to third-parties without exposing the sale to the public.

The Court does not agree with Defendant that allegations about the claims-handling process are legally irrelevant. While Defendant is correct that state-law causes of action related to the claims-handling process are preempted by the Carmack Amendment, that does not equate to a finding that the claims-handling process is irrelevant to a Carmack Amendment claim. Any facts supporting a true conversion theory are relevant to a Carmack Amendment claim, whether related to the claims-handling process or not. Defendant argues that its alleged destruction of the damaged package does not violate the UPS Terms and therefore the Court should infer that it discarded the package in accordance with the UPS Terms rather than to conceal its own theft. The UPS Terms state in pertinent part:

> UPS reserves the right to dispose of a Shipment, including salvage (after retention of the Shipment for a reasonable period of time as determined by UPS, not to exceed 30 days) if the Shipment is refuse by the Consignee or for any other reason cannot be delivered, and return of the Shipment is refused by the Shipper or the Shipment cannot otherwise be returned to the Shipper.

ECF No. [22-1] at 20. The UPS Terms do not require Defendant to dispose of shipments within a certain period of time or describe the procedure by which shipments are disposed of in the ordinary course of business. Rather, the UPS Terms set the conditions under which Defendant reserves the right to dispose of a shipment. The Court finds the distinction between a reservation of rights and an affirmative obligation to be critical here – as the former does not provide an explanation as to why Defendant discarded the package. Thus, Defendant's reservation of its right to dispose of a shipment does not support any alternative inference as to why Defendant discarded the package.

Nor does the Plaintiff need to allege that Defendant sold the contents of the package for its Carmack claim to survive motion to dismiss. Plaintiff alleges that the sports memorabilia is the type of item that Defendant would be able to sell online without exposing the sale to the public. Plaintiff, as a member of the public, may not be able to determine that Defendant sold

6

the sports memorabilia online without the benefit of discovery. The absence of an allegation that Defendant in fact sold the sports memorabilia online does not negate the Court's inference — accepting all Plaintiff's allegations as true and evaluating all plausible inferences derived from those facts in favor of the plaintiff — that Defendant converted the contents of the package for its own use or gain.

## IV.   CONCLUSION

For the reasons stated herein, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant United Parcel Service, Inc.'s Motion to Dismiss Plaintiff's Second Amended Complaint, **ECF No. [27]**, is **DENIED**.

2. Defendant shall answer Plaintiff's Second Amended Complaint on or before **March 19, 2019**.

**DONE AND ORDERED** in Chambers at Miami, Florida on March 8, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record